ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **LAETITIA BEY**<br><br>Recurrida<br><br>v.<br><br>**BRANDEN HALL BEY**<br><br>Peticionario | TA2026CE00099 | ***CERTIORARI***<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Municipal de<br>San Juan<br><br><br>Civil Núm.:<br>**OPA-2024-050198**<br><br>Sobre:<br>Ley 54 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece ante nos, por derecho propio, Branden Hall Bey (Hall Bey o parte peticionaria) y solicita la revisión de múltiples órdenes emitidas por el Tribunal de Primera Instancia, Sala Municipal de San Juan (TPI), en los casos OPA2024050198 y OPA2024051761.

Analizado el recurso, y, sin ulterior trámite, resolvemos desestimar el recurso de referencia por falta de jurisdicción.

### I.

Según surge del expediente, Hall Bey y Laetitia Bey (parte recurrida) están casados y tienen un hijo menor de edad en común. Actualmente se encuentran separados en proceso de divorcio.

En lo pertinente al recurso de autos, el 21 de octubre de 2024, Laetitia Bey solicitó una orden de protección en contra de Hall Bey, al amparo de la *Ley para la Prevención e Intervención con la Violencia Doméstica*, Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA sec. 601 *et seq.* (Ley Núm. 54). Tras examinar la petición y a base de la prueba que se le presentó, el Tribunal de Primera

Instancia declaró *Ha Lugar* la orden de protección y realizó las determinaciones de hechos correspondientes. En consecuencia, emitió una *Orden de Protección Ex Parte* (OPA2024050198) contra Hall Bey efectiva hasta el 18 de noviembre de 2024. La referida Orden se extendió en varias ocasiones hasta perder vigencia el **25 de septiembre de 2025**.

Por otra parte, el 13 de diciembre de 2024; Hall Bey solicitó una orden de protección contra Laetitia Bey al amparo de la Ley Núm. 54. Celebrada la vista final, el **25 de marzo de 2025**, notificada el 27 del mismo mes y año, el Tribunal emitió una resolución, por medio de la cual denegó la petición porque no se probaron los elementos constitutivos de violencia doméstica.

En desacuerdo, el **5 de abril de 2025**, Hall Bey incoó una moción sobre honorarios para la publicación de la grabación y transcripción de la audiencia, así como una solicitud de conclusiones iniciales de hecho y derecho, al palio de las Reglas 43.1 y 43.2 de Procedimiento Civil.

A su vez, el **11 de abril de 2025**, Hall Bey instó una solicitud de reconsideración de la denegatoria de la petición de orden de protección. En su comparecencia, expuso que los hechos materiales presentados bajo la Regla 43.2 de Procedimiento Civil permanecían sin ser refutados, por lo que, los reformulaba e incorporaba al cuerpo de la moción de reconsideración. En suma, requirió que se anulara o enmendara el pronunciamiento emitido el 25 de marzo de 2025 para que reflejara los hechos no controvertidos y se dictaran las conclusiones apropiadas consistentes con el expediente.

Así las cosas, el **16 de abril de 2025**, el TPI dictó una *Resolución*, mediante la cual denegó la moción relacionada a los honorarios para la regrabación y la transcripción de la vista. El **24 de abril de 2025**, el TPI emitió otra *Resolución*, por medio de la cual declaró *No Ha Lugar* la solicitud de reconsideración de Hall Bey y le

advirtió que se ajustara a lo ya resuelto. Ambos dictámenes fueron notificados el **28 de abril de 2025.**

Inconforme, Hall Bey comparece ante nos y señala que el foro *a quo* cometió 18 errores.[1]

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte recurrida, Laetitia Bey.

## II.

Como es sabido, la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. *Municipio de Río Grande y otro v. Adquisición de Finca 27.661 de la Urbanización Industrial Las Flores, del Término Municipal de Río Grande y otros*, 2025 TSPR 36, resuelto el 4 de abril de 2025; *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024), citando a *Pueblo v. Torres Medina*, 211 DPR 950 (2023).[2] Por tanto, "el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional". *R&B Power, Inc. v. Junta de Subastas ASG*, supra, citando a *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

Los tribunales deben ser guardianes celosos de la jurisdicción. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018). En ese sentido, la ausencia de jurisdicción

---

[1] Hall Bey ha presentado diversos recursos ante este Tribunal de Apelaciones, entre los cuales se encuentran: TA2025CE00631, TA2025CE00914 y TA2026CE00052.

[2] Véase, además, *Cobra Acquisitions, LLC v. Mun. de Yabucoa*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022).

trae consigo varias consecuencias, entre las cuales se encuentra el que no sea susceptible de ser subsanada; que las partes no puedan conferírsela voluntariamente al tribunal como tampoco puede esta arrogársela; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso y; que pueda ser presentada en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group. v. Oriental Bank,* 204 DPR 374, 386 (2020).

Un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma tardía. *Yumac Home v. Empresas Masso,* 194 DPR 96, 107 (2015). La Regla 32 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 49-50, 215 DPR __ (2025), dispone que el recurso de *certiorari* debe presentarse dentro de los 30 días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Además, especifica que dicho término es de cumplimiento estricto.[3]

El Tribunal Supremo de Puerto Rico ha establecido que, contrario a los términos jurisdiccionales, los términos de cumplimiento estricto admiten ser prorrogados. Sin embargo, la extensión de los términos no puede concederse arbitrariamente. Véase, *Febles v. Romar,* 159 DPR 714 (2003). La concesión de una prórroga debe acreditarse con causa justificada, sustentada con "explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora

---

[3] Por igual, la Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b) establece que el recurso de *certiorari* debe ser presentado dentro del término de cumplimiento estricto de 30 días, luego del archivo en autos de una copia de la notificación del dictamen recurrido.

ocurrió por alguna circunstancia especial razonable". *Lugo v. Suárez*, 165 DPR 729, 738-739 (2005).

En armonía con lo anterior, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, *supra*, págs. 115-116, nos faculta, por iniciativa propia o a la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**III.**

Procedemos a atender con primacía el asunto jurisdiccional que nos presenta el recurso de referencia.

En su comparecencia, la parte peticionaria alega que ostentamos jurisdicción porque existen órdenes dictadas por el TPI que son defectuosas. En particular, esboza que la moción al palio de la Reglas 43.1 y 43.2 de Procedimiento Civil no fue atendida, por lo que el término para recurrir ante este Foro no ha empezado a transcurrir.

Analizado el expediente con detenimiento, resulta claro que carecemos de jurisdicción para ejercer nuestra facultad revisora en la presente causa. En primer orden, cabe señalar que la OPA2024050198 perdió vigencia el 25 de septiembre de 2025. Además, aun si la solicitud de determinaciones de hechos adicionales en el caso OPA2024051761 no se hubiera atendido por el foro de instancia, como alega la parte peticionaria, nótese que sus planteamientos fueron reincorporados en la solicitud de reconsideración.

Según expuesto, el TPI dictó *Resolución* denegando la reconsideración el **24 de abril de 2025**. Dicho pronunciamiento fue notificado el **28 de abril de 2025**. Por tanto, la parte peticionaria contaba con 30 días, de cumplimiento estricto, desde la referida fecha de notificación para instar su recurso de *certiorari*. Esto es, hasta el **28 de mayo de 2025**. Al haber comparecido ante nos el **23 de enero de 2026**, carecemos de discreción para atender los méritos

de su recurso. En el escrito bajo nuestra consideración no se logró acreditar justa causa debidamente evidenciada para la dilación. Por tanto, solo nos compete desestimar el recurso por tardío.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria.


                          Lcda. Lilia M. Oquendo Solís
                       Secretaria del Tribunal de Apelaciones